is number one nine one zero six two Hoffman ED versus William P. Barr. Mr. Barr, I'm sorry. Good morning. Good morning, Your Honor. May I please report? I would certainly be remiss if I did not note at least once the privilege that it is for me to stand before this court on a matter of constitutional importance and potentially wide-ranging legal significance. We're here to talk about whether or not federal agencies have to obey their own rules. The simple answer that we learn is yes, they do, but they also have to obey the rules that are laid down by the Congress, the acts of Congress that are then signed into law. And they also have to obey the rules that are set forth by this court, by the United States Supreme Court. But in this particular case, the administrative agency was not content with what Congress gave it. And so it amended it by passing a regulation that added the words of where practicable. When my children were young, there was a sign in their room that said every morning, brush your teeth, pick up your clothes, make your bed. None of them had the temerity to write where practicable or when practicable at the bottom of my list of commands. And the administrative agency in this case does not have that authority. It is an affront to the way administrative law is supposed to be administered. Here's the problem, and this goes to the last question Judge Sully asked in the prior case. I'm having trouble finding anywhere in the statute any language that says that the way you commence a removal proceeding, much less the only way you do it, is to file a notice to appear. Is there anything in the statute that says that's how you have to commence a proceeding? There is nothing in the statute that requires or that limits the institution of a removal proceeding to the filing of a notice of appeal. There are perhaps other ways that that could be done. So one of the other ways, it then seems to me when I look at the regulations, that one of the other ways that the agency went about this was to say you can commence a proceeding with a notice to appear that's proper, or if it's not proper, by doing subsequent aviancy. What in the statute prohibits the agency from doing that? They could have not even used the notice to appear. They could have just said you could commence a proceeding by giving the name and grounds for removal. Well, I don't think that would comply. Suppose they said a proceeding commences with filing a document that identifies the alien and identifies the grounds for removal, period. Within 30 days thereafter, the government shall get notice and blah, blah, blah. What in the statute says the agency couldn't do that? I don't think there is anything in the statute that says you can't do that. But that's a big problem for you. So then why isn't this notice, why isn't this charging document proper? They used the alternative that their regulations provided for. I have the same question Judge Cayetta does. I think if you read the statute, I think the agency can shape any charging document it wants. So the agency in this case says, you know, standard immigration proceeding either with a notice to appear or with a notice to appear light. And if you use the notice to appear light, you better be sure to give the alien the requisite information that it doesn't contain in time that he's not prejudiced by it. I think it's important to note, Your Honor, that the notice to appear is specifically provided for in the statute. But not as the way to commence an immigration case. Actually, the statute does say that an immigration case can be commenced by doing this. It can be commenced, but it doesn't say it must be commenced. No, it does not make it the exclusive rule. So if the agency wants to adopt a different procedure other than a notice to appear, then it should do so. It's not by the regs. Let's issue a summons or let's issue an action or something akin to a charge or an indictment after the person is arrested. But if it hasn't done those things. It has. It's done it by the regulations. Just because it called it a notice to appear doesn't invalidate what it did. Because if what you're saying is so, if they'd issued the exact same regulations and substituted the word summons for the word notice to appear in the regs, then they wouldn't have a problem. But the statute does require that the notice to appear contains certain facts in order to put the respondent on notice. And when the government fails to follow the rules that are handed to it by Congress, then it has a fundamental defect that it cannot overcome. It can't overcome it by providing information later in a homemade two-step procedure that we've seen in this particular case. And it can't provide it by saying, well, over a period of time we've done this incorrectly so many times that we should be forgiven. Let me ask you a practical question. Let's assume, did the agency in any way cause any prejudice to your client by delaying and applying the missing information that was omitted from the first notice of appear? Was your client in any way prejudiced? I believe so, yes. Tell us how. I will do that. The operation of the stop time rule is essential and central to this particular conversation. Sure, but he wins under Pereira on that, so this notice of appear, it's clear, did not stop the time. Yes, the notice of appear did not stop the time. So he couldn't have been prejudiced by that because it didn't stop it. Well, except for the fact that the administrative agency, in addition to altering the statute by making its own regulations, which changed the language of the statute, was not particularly happy with the Pereira decision, and so it changed the language of the Pereira decision. Come back to my question, because if there's prejudice here, I'd be interested, because then we may think about this differently. How was your client, given that the stop time rule, he did not suffer from application of that under Pereira, how was he prejudiced by what you say is a deficiency in the charging document? Well, he's entitled to notice, an opportunity to be heard, and to prepare. Which he got, he got notice, he knew the date, he knew the time, he prepared, he went and he argued. And there is an argument that can be constructed that when he followed through and participated in the proceedings, there might have come a time when the defective notice could have been cured. But we don't know what that time was without going back and having the fact finder, the administrative agency, look at it and say, okay, this is the timeline, and this is the point at which we deem this notice to have been cured under a viable legal theory. It didn't do it. What it did was it failed to get the proceeding commenced properly. I still haven't heard an answer to Judge Kayada's question about what prejudice was suffered. And my response to that question is, there may be prejudice that has not yet been identified in the record. So is it fair answer that the record as it stands shows no prejudice? I think that's correct. But I would go on. Let me make it easier for you. Could you even conceive of a case like this in which there is actual real prejudice to claim? Keep in mind, I'm not setting to one side your issue that, hey, we're talking about subject matter jurisdictions here, so I don't need to show prejudice because if the tribunal had no constitutional subject matter, end of story. That's right. I'm asking you, if we reject that but we're somewhere short of it and we're looking at prejudice, could you even conceive of how persons could be prejudiced by this? Yes, I think that we can say that. And how? That's what I can't think of. How? We can say that because someone who is confronted with a removal proceeding is facing a remarkably dramatic moment that will affect them for the rest of their lives. Many times the people that are faced with removal proceedings are not native English speakers. Sometimes they are not assisted by counsel. And we should, therefore, be more scrupulous than ever to protect those people who come under governmental scrutiny and to have an administrative agency that is willing to pass a regulation that amends a statute or to issue its own decisions such as Bermuda's Cota in which they overrule the United States Supreme Court is a grasping and a blurring of the lines between the three branches of government. And if it goes unchecked and the agency is not corrected, the executive becomes the judiciary, the executive becomes the legislature, and federal power is all opposed in a single branch of government and perhaps even a single individual. And I respectfully submit to the court that that is an impermissible direction to go and that this court should prevent that from happening so that national policy from a judicial, a legislative, and an executive perspective cannot be summarily altered with a single electronic message issued by a single human being or a single branch of government. I thank the court for its kind attention. Thank you. Ms. Curtis, good morning again. Good morning. May it please the court, Mr. Corliss, for the respondent. This court should deny the petition for review. The agency properly denied petitioner's motion for reconsideration. I won't go through my whole argument because I understand you're familiar with it. Just to reiterate, though, petitioner's notice to appear in this case was not defective because the regulations govern the filing of that notice to appear, not the statute. And as an alternate argument, even if it were defective, which we're certainly not stating that it was, then it was a claims processing rule. And therefore, he would have had to show that he did not waive it, that he didn't forfeit it, and that he was prejudiced by the lack of time and date on his hearing notice. I'm just going to address one argument that he brings up. Petitioner seems to be arguing that, in his brief at least, that this court should find that he would have been eligible for cancellation of removal. Petitioner has never filed an application for cancellation. He's never applied for cancellation, so that's not before us. I agree. That was what my argument was going to be. He's never applied for it, so that is not an exhausted argument. And to the extent that he discusses whether or not it prejudiced his ability to apply for cancellation of removal, first, he has been in proceedings since 2006, which was well before this court decided Herrera in 2017. And he didn't file a cancellation of removal application then. And also, he could have filed a cancellation of removal application with his motion for reconsideration, and he did not do that either. So he hasn't shown that he was prejudiced. Additionally, it's unclear what the filing of a cancellation of removal application has to do with whether or not the notice to appear that he initially received had the time and date of his first hearing. He received notice of his hearing. He appeared before an immigration judge in all of his proceedings. He had counsel. He conceded his removability, and he applied for relief. So he had all of the due process that he would have been afforded, had that initial notice contain that information rather than having that information mailed to him in a separate notice. So for those reasons, unless the court has any more questions for me, again, thank you for your time, and ask that the court deny the petition for review. Thanks. Thank you.